# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

April 08, 2024

MEMORANDUM TO COUNSEL OR PARTIES BELOW:

    No. 24-10266    In re: Chamber of Commerce
                            USDC No. 4:24-CV-213

    On April 8, 2024, counsel for the Consumer Financial Protection Bureau filed a letter with the court to supplement the Certificates of Interested Persons that Plaintiff-Appellants filed in No. 24-10266 and No. 24-10248. In the letter, the Bureau wrote to inform the court that, in its view, large credit card issuers—defined as those issuers that, together with their affiliates, have one million or more open credit card accounts—"have a financial interest in the outcome of this litigation." The Bureau explained that it offered this information in order for the judges of this court to "evaluate possible disqualification or recusal."

    Under the Code of Conduct for United States Judges, a judge "shall disqualify himself" when "the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding[.]" Canon 3C(1)(c). No large credit card issuers are listed as parties to this litigation. Nor did the originally filed Certificates of Interested Persons mention credit card issuers; rather, the Certificates listed only the named parties. Recusal might be nonetheless proper where a judge's interest in a nonparty large credit card issuer could be "affected substantially by the outcome of the proceeding."

    The Code defines "financial interest" to mean "ownership of a legal or equitable interest." Code 3C(3)(c). Under the Code, the issue is not whether credit card issuers have a financial interest in this litigation. Rather, recusal may be required where a judge "or the judge's spouse or minor child residing in the judge's household" has an interest that could be "affected substantially." Canon 3C(1)(c).

Further, an interest in a nonparty warrants recusal only where the interest could be "affected substantially by the outcome of the proceeding[.]" *Id.* The Committee on Codes of Conduct, which promulgates the Code, has advised that in assessing whether an interest might be substantially affected, the issue is not the size of the interest but rather whether the interest could be substantially affected.

Accordingly, the parties are requested to file letter briefs by **5:00 p.m. on Thursday, April 11, 2024,** explaining whether or not an ownership interest in a nonparty large credit card issuer would be substantially affected by the outcome of this litigation. Please include in your response a detailed explanation of the methodology you used in making this assessment.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Rebecca L. Leto, Deputy Clerk
504-310-7703

cc:  Ms. Jennifer B. Dickey
     Ms. Stephanie Garlock
     Mr. Michael F. Murray
     Mr. Justin Michael Sandberg
     Mr. Philip Avery Vickers