# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 17, 2024

Ms. Jennifer B. Dickey
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, DC 20062-0000

Mr. Andrew Doersam
American Bankers Association
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

Ms. Stephanie Garlock
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, DC 20552

Mr. Michael F. Murray
Paul Hastings, L.L.P.
2050 M Street, N.W.
Washington, DC 20036

Mr. Thomas Pinder
American Bankers Association
1333 New Hampshire Avenue, N.W.
Suite 700
Washington, DC 20036

Mr. Justin Michael Sandberg
Consumer Financial Protection Bureau
Office of General Counsel
1700 G Street, N.W.
Washington, DC 20552

Mr. Tor Tarantola
Paul Hastings, L.L.P.
2050 M Street, N.W.
Washington, DC 20036

Mr. Philip Avery Vickers
Cantey Hanger, L.L.P.

600 W. 6th Street
Suite 300
Fort Worth, TX 76102-3585

No. 24-10266   In re: Chamber of Commerce
              USDC No. 4:24-CV-213

Dear Ms. Dickey, Mr. Doersam, Ms. Garlock, Mr. Murray, Mr. Pinder, Mr. Sandberg, Mr. Tarantola, Mr. Vickers,

On April 8, three days after this court's mandamus decision issued in No. 24-10266, the Consumer Finance Protection Bureau supplemented the Certificates of Interested Persons that had earlier been filed in No. 24-10266 and No. 24-10248 to include "large credit card issuers."

The Bureau stated that it "makes this representation in order that the judges of this court may evaluate possible disqualification or recusal."

That same day, the court directed the parties to file expedited letter briefs addressing recusal obligations under the Code of Conduct for United States Judges.

Those letter briefs were received on April 11.

Judge Willett forwarded the court's April 8 directive and the parties' April 11 letter briefs to the Committee on Codes of Conduct of the Judicial Conference of the United States and requested an expedited opinion as to whether there is any legitimate basis for recusal or disqualification under the ethical canons that apply to federal judges.

The Committee has issued its opinion, unanimously concluding that nothing in the Code of Conduct requires recusal in either appeal.

Note: Judge Elrod did not participate in the preparation of the Committee's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Lisa E. Ferrara, Deputy Clerk
504-310-7675