

1700 G Street NW, Washington, D.C. 20552

May 1, 2024

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:  *In re Chamber of Commerce*, No. 24-10266
     Letter in Support of Petition for Rehearing, Regarding Limited Remand
     Order in *Chamber of Commerce, et al. v. CFPB*, No. 24-10248

Dear Mr. Cayce:

    We write in response to the statement in yesterday's order in *Chamber of Commerce v. CFPB*, No. 24-10248 (ECF 105), that the district court effectively denied a preliminary injunction by "sua sponte initiat[ing] briefing on whether venue was proper in the Northern District of Texas and transfer[ring] the case."

    First, the decision below to "transfer[] the case" could not have "effectively denied" the preliminary injunction and therefore vested this Court with jurisdiction over Plaintiffs' March 25 appeal. The court transferred the case three days *after* Plaintiffs appealed. See N.D. Tex. ECF 57, 67. That transfer could not retroactively turn the district court's actions as of Plaintiffs' appeal into an effective denial.

    Second, ordering supplemental briefing on venue was not truly sua sponte. The court was responding to "the briefing surrounding" Plaintiffs' preliminary

consumerfinance.gov

injunction motion (N.D. Tex. ECF 45), in which the Bureau argued that venue was not proper in that court because not one of the approximately 30-35 entities subject to the Rule is based in the Northern District of Texas. N.D. Tex. ECF 23 at 1-2, 9-13. Plaintiffs claimed venue was proper because one of the six plaintiffs—the Fort Worth Chamber of Commerce—is based there. But that plaintiff cannot secure venue in the Northern District because it lacks standing under associational standing rules. Thus, the court did not "sua sponte initiate[]" briefing on venue but rather ordered *supplemental* briefing related to the serious venue concerns raised in the Bureau's opposition, with an alternative rapid schedule if the Bureau chose to seek transfer.

Holding that a district court "effectively denies" a preliminary injunction by ordering supplemental briefing while a preliminary injunction motion is pending seriously interferes with district courts' ability to manage their cases. District courts must have discretion to seek additional information, especially on threshold issues, without facing an "effective denial" appeal that strips them of jurisdiction to move the case forward. That is especially so where the court continues apace considering the preliminary injunction—as the district court did here, requiring expedited briefing on related issues and scheduling a prompt hearing. N.D. Tex. ECF 45, 63.

Respectfully submitted,

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock
   *Counsel*
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

cc: Counsel of Record (via CM/ECF)