No. 24-10266

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

IN RE CHAMBER OF COMMERCE

On Petition for a Writ of Mandamus to the United States District Court
For the Northern District of Texas, Fort Worth Division
Case No. 4:24-cv-213

[PROPOSED] REPLY IN SUPPORT OF
RESPONDENTS' PETITION FOR PANEL REHEARING

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kristin Bateman
  *Assistant General Counsel*
Joseph Frisone
Justin M. Sandberg
  *Senior Counsel*
Stephanie B. Garlock
  *Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

## TABLE OF CONTENTS

Table of Authorities ..................................................................................................... ii

Reply in Support of Respondents' Petition for Panel Rehearing ............................. 1

    A.    Plaintiffs effectively concede that March 29 was not a real deadline ......... 1

    B.    Plaintiffs' general appeals to "urgency" cannot transform the district court's actions into an effective denial. .................................................... 2

    C.    The Panel's approach is unworkable. ........................................................ 7

    D.    Plaintiffs, not the Bureau, are responsible for any "delay" in this case. ..... 7

# TABLE OF AUTHORITIES

**Cases**

*Clarke v. Commodity Futures Trading Comm'n*,
  74 F.4th 627 (5th Cir. 2023) ...................................................................................6

*Cnty., Mun. Emps.' Supervisors' & Foremen's Union Loc. 1001 v. Laborers' Int'l Union of N. Am.*,
  365 F.3d 576 (7th Cir. 2004)...................................................................................6

*Def. Distributed v. Att'y Gen. of New Jersey*,
  972 F.3d 193 (3d Cir. 2020)....................................................................................3

*FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*,
  498 U.S. 269 (1991) ................................................................................................5

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982) ..................................................................................................5

*Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*,
  53 F.4th 869 (5th Cir. 2022) ...................................................................................5

*Thomas ex rel. D.M.T. v. Sch. Bd. St. Martin Par.*,
  756 F.3d 380 (5th Cir. 2014)...................................................................................3

*United States v. Cooper*,
  135 F.3d 960 (5th Cir. 1998)...................................................................................6

*United States v. Lynd*,
  301 F.2d 818 (5th Cir. 1962)...................................................................................6

**Rules**

Fed. R. App. P. 4(a)(2)................................................................................................5

Fed. R. App. P. 40(a)(1)(B)–(C).................................................................................7

Respondents the Consumer Financial Protection Bureau and Rohit Chopra, in his official capacity as Director of the Consumer Financial Protection Bureau, (collectively, the Bureau) respectfully submit this reply to ensure that the Court has the information it needs to evaluate the Bureau's petition for panel rehearing and certain arguments Plaintiffs made in their response.

**A. Plaintiffs effectively concede that March 29 was not a real deadline.**

To begin, Plaintiffs have all but abandoned the rationale they originally offered—and that the Panel relied on—to support their claim that the district court effectively denied their preliminary injunction motion when it failed to rule by March 25. Plaintiffs told the district court they needed an answer by March 22— and would be "compelled to seek appellate review" without one—because their members "must provide printed notice to millions of customers" by March 29. App.283. But Plaintiffs now concede that credit card issuers did not *need* to print and distribute anything by March 29 to comply with the Final Rule. *See* Rehearing Resp. at 6. Instead, Plaintiffs say only that the Panel "correctly understood that March 29 was a significant date" because, "[i]f issuers decided to" change other card terms *and* wanted to do so "contemporaneous with the Final Rule's effective date," customers would need to receive notice of those changes by March 29 (45 days before the Rule's effective date). *Id*. Plaintiffs cannot set a deadline for the

1

courts based only on the possible desire of some unspecified member to take non-mandatory action by a date of their choice.

### B. Plaintiffs' general appeals to "urgency" cannot transform the district court's actions into an effective denial.

Plaintiffs' response instead tries to move the goalposts—arguing that there was an effective denial because "there was a legitimate basis for urgency" and the district court did not act "promptly." Rehearing Resp. at 3. This reframing of their theory of effective denial fails for three reasons.

*First*, Plaintiffs' "basis for urgency" is wholly insufficient to find that the district court effectively denied a preliminary injunction by declining to rule by March 25. Plaintiffs emphasize that there was a "short compliance window" and issuers were "already" incurring "compliance costs" by the time Plaintiffs appealed. *Id.* at 4. But even if issuers began incurring some compliance costs before March 25, that did not give Plaintiffs license to bypass the district court. Plaintiffs' focus on card issuers' early compliance costs relies on the false premise that, in order to preserve the chance for *effective permanent* relief, the court must *completely* avert all possible harm, or at least as much harm as possible, or else be found to have "effectively denied" preliminary relief. That premise is neither supported by case law nor workable in practice, particularly in cases challenging government action.

When a district court does not "explicitly" deny an injunction but acts with "the practical effect of doing so," "appellate jurisdiction will lie only if the district court's order might have serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal." *See Thomas ex rel. D.M.T. v. Sch. Bd. St. Martin Par.*, 756 F.3d 380, 384 (5th Cir. 2014) (cleaned up). Courts have found such circumstances, for example, in "now-or-never scenario[s]," where "delaying relief meant no relief would be available." *Def. Distributed v. Att'y Gen. of New Jersey*, 972 F.3d 193, 200 n.6 (3d Cir. 2020) (contrasting case where delay would have allowed defendants to liquidate and dissipate assets, rendering final relief impossible).[1] Plaintiffs seek to dramatically expand the types of "serious" consequences that would open the door to an "effective denial" appeal, in effect allowing immediate appeal any time a challenger can demonstrate any degree of ongoing harm[2] and has not received an answer by an arbitrary deadline the challenger sets for the district court.

---

[1] Plaintiffs here must not think March 29 presented some now-or-never deadline for effective relief; otherwise, their preliminary injunction appeal would be moot.

[2] Indeed, here, there is reason to doubt that the compliance costs issuers faced before March 25 even qualify as irreparable harm. *See* Rehearing Pet. at 5 n.2. And while Plaintiffs claim that the Bureau did not contest in the district court that Plaintiffs faced irreparable harm, that is misleading. At that point in the proceeding, the question was whether issuers would suffer some sort of irreparable harm before the conclusion of the case if the Final Rule were to go into effect. The Bureau agrees that large card issuers face a risk of irreparable harm once the Rule takes effect—when issuers will likely need to reduce the late fees they charge. The

3

That rule would substantially complicate district courts' review of preliminary injunction motions, particularly in cases, like this one, challenging government action. New laws and regulations often impose some near-immediate compliance costs on regulated entities. Under Plaintiffs' approach, regulated parties would be able to short-circuit district court review of preliminary injunction requests as soon as they start taking steps to comply with the challenged agency action. Plaintiffs essentially admit as much, insisting that they needed relief to avoid "compliance costs" that members would otherwise start to incur "within days of the publication of the Final Rule." Rehearing Resp. at 10.

*Second*, Plaintiffs cannot establish greater "urgency" by pointing to any post-appeal harms that card issuers face now and will face after the Rule's May 14 effective date. This Court has jurisdiction only if the district court effectively denied a preliminary injunction by declining to rule by the time Plaintiffs appealed on March 25. The jurisdictional problems with Plaintiffs' March 25 notice of appeal are not retroactively cured just because their request for relief has remained pending in this Court for the last five weeks.

---

Bureau has never conceded, however, that compliance costs incurred before the effective date constitute irreparable harm, let alone sufficient irreparable harm that it could only be remedied with an immediate appeal starting on March 25.

4

To be sure, in certain circumstances a premature notice of appeal can "ripen" into one that effectively grants an appellate court jurisdiction over the case. *See FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 275 (1991) (discussing Fed. R. App. P. 4(a)(2)). But such premature appeals only ripen when the district court actually takes action that sets up a valid appeal—say, by subsequently entering a final judgment, or certifying an order under Rule 54(b). *See id.*; *see also Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 53 F.4th 869, 879 (5th Cir. 2022). Nothing of the sort has happened here. The district court has not now actually denied preliminary relief, nor could Plaintiffs claim that the district court's continued failure to rule is, at least by now, an appealable effective denial. Plaintiffs abandoned all efforts to secure relief from the district court—and in fact filed an appeal that, on their telling, *divested* any district court (in Texas or D.C.) of jurisdiction to rule on the motion. *See* Mandamus Pet. at 11–12 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). In the weeks since, Plaintiffs have done nothing to seek even an indicative ruling on their preliminary injunction motion—even after this Court granted mandamus on the transfer decision and the district court reopened the case.

With Plaintiffs no longer pressing their preliminary injunction request in the district court, that court's failure to act over the last five weeks cannot be said to have transformed into an effective denial. Plaintiffs should not be able to

5

manufacture appellate jurisdiction simply by taking the decision away from the trial court for long enough. *Cf. United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998) ("Systemic interests in the conservation of judicial resources dictate that a party must not appeal" prematurely); *Cnty., Mun. Emps.' Supervisors' & Foremen's Union Loc. 1001 v. Laborers' Int'l Union of N. Am.*, 365 F.3d 576, 578 (7th Cir. 2004) (holding that a party's "strategy" of "immediately appeal[ing]" a supposed effective denial "cannot be allowed to work" and that "[j]umping the gun does not turn an otherwise non-final action into an appealable order").

*Third*, Plaintiffs' complaint that the district court did not act "promptly" blinks reality and is therefore insufficient to find an effective denial. Unlike other cases where this Court has found effective denials, *see, e.g.*, *Clarke v. Commodity Futures Trading Comm'n*, 74 F.4th 627, 635 (5th Cir. 2023); *United States v. Lynd*, 301 F.2d 818, 820 (5th Cir. 1962), the district court here can hardly be accused of dillydallying. The court required briefing on Plaintiffs' preliminary injunction motion to conclude seven days after the suit was filed. App.007. Two business days after that briefing concluded, the court ordered supplemental briefing to address serious venue concerns, and required that briefing be wrapped up within five business days. App.275. The district court was acting with expedition when Plaintiffs appealed. And it continued its diligent pace thereafter, promptly ordering transfer three days after venue briefing concluded (thereby ensuring that Plaintiffs

6

would have ample time to press their preliminary injunction motion in the transferee court).

### C. The Panel's approach is unworkable.

Plaintiffs' arguments on the workability of the Panel Opinion's approach are likewise unavailing. Plaintiffs' main argument is that the effective-denial inquiry is fact dependent, so the Panel Opinion will not have any meaningful effect outside of this case. Rehearing Resp. at 11–12. This ignores how the common law develops in a hierarchical court-system. To wit, district courts will refer to this Court's opinion for guidance on the application of the standards for determining whether there has been an effective denial. And, as the Bureau has explained, the logic of the Panel Opinion would create uncertainty for district courts and opportunities for trigger-happy litigants to circumvent the usual order by prematurely appealing to this Court—or threatening to do so.

### D. Plaintiffs, not the Bureau, are responsible for any "delay" in this case.

Finally, Plaintiffs suggest throughout their response brief that the Bureau's rehearing petition is part of some attempt to improperly delay ruling on their request for a preliminary injunction. *See* Rehearing Resp. at 1, 2, 14. But they offer no support for this allegation—and for good reason: there is none. The Bureau filed its rehearing petition thirteen days after the Panel issued its decision, more than a month before it was due, *see* Fed. R. App. P. 40(a)(1)(B)–(C). And well

before that—only one business day after the Panel's decision—it filed a letter in the preliminary injunction appeal notifying the Court of the same errors raised in this petition for rehearing. *See* Letter, No. 24-10248, ECF No. 74. Plaintiffs' repetition of the word "delay" (in one form or another) is simply a (failed) rhetorical device that reflects their flawed belief that if litigation does not occur on their preferred time frame, something is wrong. Indeed, to the extent Plaintiffs are unhappy with any "delay" in this case, they have only themselves to blame: *Plaintiffs* jumped the gun and noticed a premature appeal, necessitating a complex jurisdictional fight requiring multiple rounds of briefing to untangle.[3]

Dated: April 29, 2024

Respectfully submitted,

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kristin Bateman
  *Assistant General Counsel*

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock
  *Counsel*
Joseph Frisone
Justin M. Sandberg

---

[3] Plaintiffs are similarly the masters of their own destiny when it comes to the time the district court and this Court may have spent resolving significant threshold venue questions associated with their preliminary injunction motion. Had Plaintiffs truly wanted a quick resolution of their request for preliminary relief, they could have filed suit in a venue with more than an illusory connection to the dispute or promptly pressed their claim for a preliminary injunction in the transferee court.

    *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

*Counsel for Respondents*

**CERTIFICATE OF SERVICE**

On April 29, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Counsel for all participants are registered CM/ECF users, and service on them will be accomplished by the CM/ECF system.

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock

## CERTIFICATE OF COMPLIANCE

This petition complies with any type-volume limitation in Federal Rules of Appellate Procedure 40(b)(1) 32(a)(7)(B)(ii) and Fifth Circuit Rule 40.3 because it contains 1,921 words. This document complies with the typeface and typestyle requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared using Microsoft Word 365 in Times New Roman, a proportionally spaced typeface.

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock